UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:   18-cv-21354-KING

JOSE ALTAGRACIA JIMENEZ and all others
similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

vs.

FINNEGAN'S WAY INC.,
LEO RODRIGUEZ

    Defendants.
_____/

## FINNEGAN'S WAY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Finnegan's Way, Inc. ("Finnegan's"), by and through undersigned counsel, hereby serves its Answer and Affirmative Defenses to Plaintiff's Complaint and states:

1. As to paragraph 1 of the Complaint, Finnegan's admits.

2. As to paragraph 2 of the Complaint, Finnegan's is without sufficient knowledge and therefore denies same and demands strict proof thereof.

3. As to paragraph 3 of the Complaint, Finnegan's admits it is a corporation that transacts business in Miami-Dade County, and that it employed Plaintiff. Finnegan's denies the remainder and demands strict proof thereof.

4. As to paragraph 4, Finnegan's admits that Leo Rodriguez was a manager at Finnegan's Way, Inc. Finnegan's denies the remainder and demands strict proof thereof.

5. As to paragraph 5, Finnegan's admits venue is appropriate in Miami-Dade County, but denies the remainder and demands strict proof thereof.

## COUNT 1. FEDERAL OVERTIME WAGE VIOLATIONS

6. As to paragraph 6, Finnegan's admits this is an action brought under 29 U.S.C. 216(b), but denies the remainder and demands strict proof thereof.

7. As to paragraph 7, Finnegan's admits this Court has jurisdiction over this matter.

8. As to paragraph 8, the allegation is a statement of law that does not require a response.  To the extent a response is required, Finnegan's denies same and demands strict proof thereof.

9. As to paragraph 9, Finnegan's admits.

10. As to paragraph 10, Finnegan's denies same and demands strict proof thereof.

11. As to paragraph 11, Finnegan's denies same and demands strict proof thereof.

12. As to paragraph 12, Finnegan's admits.

13. As to paragraph 13, Finnegan's admits.

14. As to paragraph 14, Finnegan's denies and demands strict proof thereof.

15. As to paragraph 15, Finnegan's denies and demands strict proof thereof.

## NON-WAIVER

Each and every allegation in the Complaint not specifically admitted is denied, and the failure to deny a specific allegation, or assert a specific defense, shall not be deemed to be an admission of an allegation, or a waiver of defense.

## AFFIRMATIVE DEFENSES:

## FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint fail in whole or in part to state a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

2.Finnegan's had a reasonable, good faith belief it was not violating the FLSA and therefore cannot be liable for liquidated damages.  Any violations of the FLSA were unintentional, and therefore liquidated damages are not recoverable.  At no time did Finnegan's willfully violate the requirements under the FLSA.

**THIRD AFFIRMATIVE DEFENSE**

3.Plaintiff's claims are barred by the doctrine of payment.  Plaintiff was paid any and all sums owed to him under any contract entered into between the Parties and any requirements under the FLSA.  Further, any violation of the FLSA was nominal, and Plaintiff never reported any discrepancy or error in payment to Finnegan's.

**FOURTH AFFIRMATIVE DEFENSE**

4.Plaintiff failed to file a written consent to opt-in to the collective action, and therefore no collective action has yet commenced.  For these reasons the collective action complaint cannot be maintained or conditionally certified.

WHEREFORE, Finnegan's respectfully requests this Court:

A.dismiss the claims against it;

B.award it taxable costs and attorneys' fees pursuant to 29 U.S.C. §216(b); and

C.award it any and all further relief that is just and equitable.

*CASE NO. 18-cv-21354-KING*

        Respectfully submitted,

        **ELLSWORTH LAW FIRM, P.A.**
        420 Lincoln Road, Suite 601
        Miami Beach, Florida 33139
        (305) 535-2529 telephone
        (305) 535-2881 facsimile
        sean@ellslaw.com

            /s/ Sean M. Ellsworth
        Sean M. Ellsworth, Esq.
        Florida Bar No. 39845

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 2, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

            /s/ Sean M. Ellsworth
        Sean M. Ellsworth, Esq.

*CASE NO.  18-cv-21354-KING*

## ATTACHED SERVICE LIST

*JOSE ALTAGRACIA JIMENEZ and all others similarly situated under 29 U.S.C. 216(b)*
*vs. FINNEGAN'S WAY INC., LEO RODRIGUEZ*
*Case Number:  18-cv-21354-KING*
**United States District Court, Southern District of Florida**

J.H. Zidell, Esquire
J.H. Zidell, P.A.
Florida bar Number:  0010121
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel:     (305) 865-6766
Fax:    (305) 868-7167
E-mail:  Zabogado@aol.com
*Attorney for Plaintiff*